# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCL TECHNOLOGY GROUP CORP.,<br><br>Defendant. | Case No. 2:24-cv-00032-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TCL TECHNOLOGY GROUP CORPORATION'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND/OR 12(b)(7)**

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF THE ISSUES .................................................................................... 3

III. FACTUAL BACKGROUND .......................................................................................... 3

IV. ARGUMENT ................................................................................................................... 5

    A. Brief Summary of Relevant Legal Principles .................................................... 5

        1. Fed. R. Civ. P. 12(b)(2) ............................................................................ 5

        2. Fed. R. Civ. P. 12(b)(7) ............................................................................ 6

    B. The Exercise of Jurisdiction over TCL Tech Does Not Comport with the Requirements of Due Process ............................................................................. 7

    C. TTE Is a Necessary Party to this Action .......................................................... 11

        1. TTE is the "Primary Participant" in the Alleged Infringement ............... 11

        2. Without TTE, the Court Cannot Afford Complete Relief ...................... 12

        3. TTE Cannot be Properly Joined .............................................................. 12

        4. This Case Cannot Proceed Without TTE ................................................ 13

V. CONCLUSION .............................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Amarillo Oil Co. v. Mapco, Inc.*, 99 F.R.D. 602 (N.D. Tex. 1983)……………………………..14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………………8

*Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001)…….………………………….6

*Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957)…………………....…13

*Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985)………………………………11

*Gay v. AVCO Fin. Servs., Inc.*, 769 F. Supp. 51 (D.P.R. 1991)…………………………………11

*Haas v. Jefferson Nat'l Bank*, 442 F.2d 394 (5th Cir. 1971)……………………………………....6

*Helia Tec Res., Inc. v. GE&F Co.*, No. H-09-1482, 2011 WL 4383085
    (S.D. Tex. Sept. 20, 2011)……………………………………………………...………..6, 14

*Hood ex. rel. Miss. v. City of Memphis*, 570 F.3d 625 (5th Cir. 2009)……………………………7

*In re Cray Inc.*, 870 F.3d 1355 (Fed. Cir. 2017)………………………………………………….13

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)……………………………………...5, 8, 10

*Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256 (S.D. Tex. 2014)…………………………11

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337 (D. Del. 2001)……………..12

*Kilpatrick v. Tex. Pac. Ry. Co.*, 166 F.2d 788 (2d Cir. 1948)…………………………………….5

*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086 (10th Cir. 1998)…………………..5

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305 (5th Cir. 1986)……………….……………………7

*Schweyer Imp.-Schnittholz GmbH v. Genesis Cap. Fund, L.P.*,
    220 F.R.D. 582 (S.D. Iowa 2004)……………………………………………….…………..13

*Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006)………………………….……………………..6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017)……………………13

*Thompson v. Roman Catholic Archbishop of Washington*, 735 F.Supp.2d 121 (D.Del. 2010)…....6

*Ticketmaster N.Y., Inc. v. Alioto*, 26 F.3d 201 (1st Cir. 1994)………………………………….5

*Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044
    (S.D. Tex. June 30, 2011)………………………………………………………………6, 7

**Rules**

Fed. R. Civ. P. 12(b)(2)……………………………………………………………………..*passim*

Fed. R. Civ. P. 12(b)(7)……………………………………………………………………1, 3, 6

Fed. R. Civ. P. 12(h)(2)……………………………………………………………………….6

Fed. R. Civ. P. 19……………………………………………………………………………….6, 7

Fed. R. Civ. P. 19(a)……………………………………………………………………*passim*

Fed. R. Civ. P. 19(b)……………………………………………………………………6, 13, 14

Defendant TCL Technology Group Corp. ("TCL Tech" or "Defendant"), specially appears by and through its undersigned counsel, solely for the purpose of moving to dismiss Plaintiffs' Complaint (Dkt. 1) pursuant to Fed. R. Civ. P. 12(b)(2) and/or pursuant to Fed. R. Civ. P. 12(b)(7) and/or Fed. R. Civ. P. 19(a)(3).

## I.   INTRODUCTION

This is a case of forum shopping, plain and simple. Rather than name the entity (or entities) that is actually involved in the acts Plaintiff has alleged give rise to its claims of infringement, Plaintiff has instead named TCL Tech – an entity that publicly available information clearly shows is not involved in the manufacture, sale or offer for sale, or distribution in, or importation into, the United States of smart televisions, tablets, mobile phones, or any other device that Plaintiff might allege is covered by the claims of the patents-in-suit – so that it could file suit in the Eastern District of Texas, rather than bringing this case in the Central District of California where it belongs.

TCL Tech therefore brings this Motion for two reasons: (1) because Plaintiff cannot establish jurisdiction over TCL Tech in the Eastern District of Texas; and (2) because Plaintiff's infringement allegations seek to hold TCL Tech responsible for actions that are solely attributable to a different entity: TTE Technologies, Inc., dba TCL North America ("TTE"). Either ground is fatal to Plaintiff's claims.

First, Plaintiff cannot establish that the exercise of jurisdiction over TCL Tech by this Court comports with the requirements of due process. Notwithstanding the fact that Plaintiff has failed to show any contacts between TCL Tech and Texas, much less the requisite minimum contacts, the exercise of jurisdiction over TCL Tech in this matter is not reasonable or fair. TCL Tech has not purposefully availed itself of the jurisdiction of Texas. TCL Tech does not manufacture or sell any products in the State of Texas and has never directed any of its commercial activities toward the State of Texas or the residents thereof. TCL Tech has taken no deliberate action directed

1

towards Texas. There is therefore no reason that TCL Tech should have ever expected to be subject to the jurisdiction of a Texas court.

Moreover, not only does TCL Tech have no contacts with the Eastern District of Texas, there are no important party witnesses or potential third-party witnesses anywhere in Texas, and there are no relevant documents or records anywhere in Texas. TCL Tech is located in the People's Republic of China and TTE, the entity that is directly and solely responsible for the importation, distribution, offer for sale, and sale of the accused products in the United States, is located in Irvine, California. Because TTE is located in California, it is reasonable to infer that all of TTE's employees are also located in California, as would be former TTE employees, including those who may have relevant knowledge. Similarly, because TTE is located in California, it is reasonable to infer that all of TTE's physical documents and records are likewise located in California, as are TTE's servers. Thus, while the exercise of personal jurisdiction over TTE by a court in the Central District of California might comport with the requirements of due process, the exercise of personal jurisdiction over TCL Tech by a court in the Eastern District of Texas clearly does not. Plaintiff's Complaint should therefore be dismissed.

Second, Plaintiff's infringement allegations all relate to products which are imported into and marketed, distributed, offered for sale, and sold in the United States by TTE.  *See*, *e.g.*, https://www.tcl.com/us/en/products/home-theater; https://www.tcl.com/us/en/products/mobile. Thus, to the extent Plaintiff has any actionable claims for patent infringement, Plaintiff's Complaint itself provides ample evidence to suggest that TTE – not TCL Tech – is the entity responsible for all of the alleged acts of direct infringement and is, therefore, not just *an* essential defendant, but *the* essential defendant. TCL Tech and TTE are separate and distinct corporate

entities and Plaintiff has not even alleged in its Complaint (Dkt. 1) that TCL Tech is the agent or alter ego of TTE, much less offered even a scintilla of evidence to prove it.

Despite all this, Plaintiff has failed to name TTE in this action because it knows that TTE cannot properly be joined in the Eastern District of Texas under the patent venue statute and the relevant precedent. The Court must therefore dismiss this case, or, at the very least, transfer it to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406.

## II.    STATEMENT OF THE ISSUES

1. Whether Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) where Plaintiff cannot establish personal jurisdiction over TCL Tech in the Eastern District of Texas.

2. Whether Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(7) and/or Fed. R. Civ. P. 19(a)(3) where Plaintiff cannot name the essential party due to the patent venue statute.

## III.   FACTUAL BACKGROUND

Plaintiff's Complaint (Dkt. 1) provides sufficient evidence to show that TTE is the "primary participant" – indeed, the only participant – in the alleged acts of infringement and, therefore, a necessary party to this litigation. In particular, Plaintiff's Complaint relies upon acts *solely* attributable to TTE, not TCL Tech, to articulate its allegations of patent infringement.

Plaintiff alleges, for example, that the claims of the asserted patents have been and are infringed "by [the] making, using, selling, offering to sell, and/or importing" certain smartphones, tablets, and smart televisions. *See* Dkt. 1 ¶ 18; *see also id.* at ¶¶ 21, 22, 37, 38, 50, 51, 65, 66. But, as publicly available information clearly and unequivocally establishes, TCL Tech is ***not*** directly involved in the smartphone, tablet, or smart television industries in any way, much less as an active manufacturer, seller, and/or importer of such devices. *See* Decl. of Donald R. McPhail (hereinafter

3

"McPhail Decl.") Ex. 1. Rather, TCL Tech is, and has been for at least the past five years, involved exclusively in the production of display panels and the development of new energy photovoltaics and other silicon materials. *See id.* at 15.

TCL Tech has no offices or physical presence anywhere in the United States. (*Id.* at 11.) TCL Tech is not registered to do business in the State of Texas or any other state in the U.S. (McPhail Decl. Ex. 2.) TCL Tech does have subsidiaries incorporated and located in the United States, but none of these entities is now or has ever been involved in the manufacture, use, sale, offer for sale, or importation of the accused products. *See* McPhail Decl. Ex. 1 at 128.

Significantly, the accused products are all manufactured in Asia by entities controlled by TCL Electronics Holding Limited, a Chinese corporation, and then marketed in the United States by TTE. *See* McPhail Decl. Ex. 3 at 151. TTE is a subsidiary of TCL Electronics Holding Limited and is the entity responsible for the importation of the accused products from Asia into the United States, as well as any subsequent offer for sale and/or sale of those products in the United States. *See id.*; *see also* https://www.tcl.com/us/en/products/home-theater; https://www.tcl.com/us/en/products/ mobile. TCL Tech has no role in any of those activities.

As can be readily ascertained from publicly available information, TCL Tech and TTE are indisputably separate and distinct corporations. TCL Tech, for example, is a joint stock limited company organized and existing under the laws of the People's Republic of China, the shares of which are listed on the Shenzhen Stock Exchange, with a principal place of business in Huizhou City, Guangdong, People's Republic of China. (*See* McPhail Decl. Ex. 1 at 11.) TCL Tech is neither a parent nor a subsidiary of TCL Electronics Holding Limited ("TCL Electronics"). *See* McPhail Decl. Ex.1 at 15, Ex. 3 at 151-153) TTE, on the other hand, in addition to being a wholly owned subsidiary of TCL Electronics, is incorporated in the State of Delaware and has a principal

place of business in Irvine, California. (*See* McPhail Decl. Ex. 4) TTE and TCL Tech have no personnel in common and share no facilities.

## IV. ARGUMENT

### A. Brief Summary of Relevant Legal Principles

#### 1. Fed. R. Civ. P. 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of personal jurisdiction. The Supreme Court has established two requirements for obtaining jurisdiction over a foreign corporation which has not consented to suit in the forum: (1) there must be physical activity within the state of more than an incidental nature, and (2) it must not be grossly unfair to force the corporation to defend the suit in the forum. See *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). The second *International Shoe* requirement necessitates "an estimate of the inconveniences" to the defendant. *Id.* at 317. At least one court has recognized that this requirement is "certainly indistinguishable" from the doctrine of forum non conveniens and the requirements of 28 U.S.C. § 1404(a). *See Kilpatrick v. Tex. Pac. Ry. Co.*, 166 F.2d 788, 791 (2d Cir. 1948).

In determining whether the exercise of jurisdiction would be constitutionally unreasonable, a number of courts have applied a sliding scale that requires a defendant to make less of a showing to establish unreasonableness when the showing of minimum contacts is weak. *See, e.g.*, *Ticketmaster N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994). Moreover, when the defendant is a foreign corporation, many courts have recognized that the burden of litigating in the United States can be great. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1096 (10th Cir. 1998) ("In order to litigate the case in Kansas, Defendants will not only have to travel outside their home country, they will also be forced to litigate the dispute in a foreign forum . . ..").

Plaintiff bears the burden of establishing by a preponderance of the evidence that the exercise of jurisdiction over defendant is proper, both constitutionally and under the statute. *See Thompson v. Roman Catholic Archbishop of Washington*, 735 F.Supp.2d 121, 127 (D.Del. 2010).

### 2.      Fed. R. Civ. P. 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal of an action for failure to join a necessary party in accordance with Fed. R. Civ. P. 19. "Failure of the district court to acquire jurisdiction over indispensable parties to an action deprives the court of jurisdiction to proceed in the matter and render a judgment." *Helia Tec Res., Inc. v. GE&F Co.*, No. H-09-1482, 2011 WL 4383085, at *3 (S.D. Tex. Sept. 20, 2011) (quoting *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 396 (5th Cir. 1971)). As a result, a court can dismiss a case under Rule 19(b) at any time for failure to join an indispensable party. *See* Fed. R. Civ. P. 19(b); Fed. R. Civ. P. 12(h)(2); *see also* Fed. R. Civ. P. 12(b)(7); *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006).

Such a ruling requires a two-step analysis. First, a party is required under Rule 19(a) when complete relief cannot be afforded in their absence or when the missing party has a substantial interest in the outcome of the action. *Helia Tec.*, 2011 WL 4383085, at *3 (citing Fed. R. Civ. P. 19(a)). Second, the case should be dismissed when a required party cannot be joined and the action should not proceed among the existing parties "in equity and good conscience." *Helia Tec.*, 2011 WL 4383058, at *3 (quoting Fed. R. Civ. P. 19(b)). Both standards are met here.

"In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence" such as documents or affidavits. *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) (quoting *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001)). While "[t]he movant bears the initial burden of demonstrating that an absent party is necessary . . . the burden shifts to

the party opposing joinder" once this showing is made. *Timberlake*, 2011 WL 2607044, at *2 (citing *Hood ex. rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)).

Rule 19 requires "highly practical, fact-based decision[s]." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). The advisory committee notes help guide these decisions:

> [S]ubdivision (a) defines the persons whose joinder in the action is desirable. Clause (1) stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or "hollow" rather than complete relief to the parties before the court. The interests that are being furthered here are not only those of the parties, ***but also that of the public in avoiding repeated lawsuits on the same essential subject matter***.

Fed. R. Civ. P. 19 (advisory committee note) (emphasis added).

### B. The Exercise of Jurisdiction over TCL Tech Does Not Comport with the Requirements of Due Process

Plaintiff's Complaint fails to satisfy either of the requirements of *International Shoe*, much less both, and so should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(2).

First, although Plaintiff has alleged that this Court has personal jurisdiction over TCL Tech, Plaintiff has failed to allege specific facts that would plausibly show the existence of ***any*** contacts between TCL Tech and the State of Texas, much less the necessary minimum contacts to establish jurisdiction. Plaintiff has not, for example, identified any customer or distributor in Texas that allegedly does business with TCL Tech, nor any facility allegedly owned or operated by TCL Tech. Nor has Plaintiff shown that any retailer in Texas sells or offers for sale any product attributable to TCL Tech. Nor has Plaintiff identified any allegedly infringing product attributable to TCL Tech that is actually found in the State of Texas.

This is because TCL Tech does not purposefully direct any of its activities towards the State of Texas or the residents thereof. Nor should this be surprising, since TCL Tech does not manufacture or market any goods intended directly for consumers. Rather, as publicly available information shows, TCL Tech manufactures products, such as display panels, that can be used as

7

components in goods intended for consumers, such as televisions and monitors. *See* McPhail Decl. Ex. 1. TCL Tech itself does not manufacture or sell televisions or monitors, nor are there any such manufacturers in Texas.

While a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, the tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's formulaic recitation of the elements of the Texas Long Arm Statute in the Complaint in this matter is just such a pleading. Plaintiff's purported showing of the appropriateness of this Court exercising personal jurisdiction is all form and no substance. *See* Dkt 1 at ¶¶ 4, 6. Plaintiff cannot satisfy the first *International Shoe* requirement.

Indeed, this case is nothing more than an attempt by Plaintiff to forum shop. Plaintiff has named TCL Tech as the defendant in this case for the sole purpose of bringing this action in the Eastern District of Texas, where it apparently believes it will obtain more favorable treatment, rather than the Central District of California, where many (if not all) of the allegedly infringing acts took place and where the party directly and solely responsible for those acts (TTE) is located. Publicly available information provides all the necessary evidence that TCL Tech has played no part whatsoever in any of the alleged acts of infringement identified by Plaintiff in the Complaint (Dkt 1).

TCL Tech's annual report, for example, discloses that TCL Tech is involved in the manufacture of display panels, through its subsidiaries TCL China Star Optoelectronics Technology ("TCL CSOT") and Moka Technology, and in the development of new semiconductor

and photovoltaic materials, through its subsidiaries Zhonghuan Photovoltaic and Zhonghuan Advanced. *See* McPhail Decl. Ex. 1 at 15. There is no reason that Plaintiff should be unaware of these facts since this report is publicly available and easily accessible on the internet at https://file.finance.sina.com.cn/211.154.219.97:9494/MRGG/CNSESZ_STOCK/2024/2024-5/2024-05-25/10240166.PDF. This annual report also makes it clear that TCL Tech does not market any products directly to consumers nor does TCL Tech purposefully direct any commercial activity towards Texas or the residents of Texas.

While the annual report of TCL Electronics, which is also publicly available and easily accessible on the internet at https://doc.irasia.com/listco/hk/tclelectronics/annual/2023/ar2023.pdf, discloses that a subsidiary of TCL Tech (TCL CSOT) supplies display panels to TCL Electronics, it also makes clear that TCL Tech is otherwise uninvolved in TCL Electronics' business. *See* McPhail Decl. Ex. 2. And even though the accused products include display panels, those panels are not at issue in this litigation. *See* Dkt. 1. Publicly available information also reveals that TCL Tech divested itself of any interest in TCL Electronics – and by extension, TTE – in 2019. *See* McPhail Decl. Ex. 3 at 138.

Plaintiff's counsel, at the very least, was and is well aware of the true state of affairs when it comes to TCL Tech and TTE, having made similar erroneous accusations in other cases and having been apprised of the true facts. *See*, *e.g.*, *Lonestar Biometrics, LLC v. TCL Technology Group Corporation*, Case No. 2:22-cv-00241 (EDTX), Dkt. 13; *Apex Beam Technologies v. TCL Mobile International Limited*, Case No. 2:21-cv-00438 (EDTX). Plaintiff, and Plaintiff's counsel, nevertheless consciously decided to ignore the publicly available information and, instead, make blatantly untrue allegations in an effort to establish jurisdiction in the Eastern District of Texas for

9

this case. This Court should not countenance, much less endorse, Plaintiff's gamesmanship. Plaintiff's Complaint should be summarily dismissed for this reason alone.

Turning to the second *International Shoe* factor, it would be unfair and unreasonable to expect TCL Tech to litigate this dispute in the Eastern District of Texas, as the district is obviously not a convenient forum for TCL Tech or for this litigation.

More specifically, TCL Tech is a Chinese company with its only place of business in the People's Republic of China. TCL Tech has no involvement in the manufacture or marketing of the accused products and so has no documents or information relevant to any of Plaintiff's claims of infringement. TCL Tech has no employees or records located anywhere in Texas. The notions of fair play and substantial justice should not allow this action to proceed in the Eastern District of Texas, as it would place an undue burden on TCL Tech to have to defend itself before this Court.

TTE, on the other hand, is actively involved in the importation, distribution, offer for sale, and sale of the accused products in the United States. In addition, because TTE is located in California, it is reasonable to infer that all of TTE's documents and records and all of TTE's current employees are located in the Central District of California. Because it is located in California, TTE would not be expected to have any documents or records, or any employees, in Texas. TTE would, however, be likely to have former employees in the Central District of California who may have information relevant to this dispute. TCL Tech has no employees anywhere in the United States.

Although it is true that Plaintiff has a place of business in the Eastern District of Texas, it is equally true that no actual business is conducted at that location. Rather, Plaintiff is a non-practicing entity that was established in 2021 solely for the purpose of extracting royalties from real companies. Moreover, when the applications that gave rise to the patents-in-suit were filed, the inventors were all residents of the State of Washington, and Plaintiff have not established that

10

any of those inventors have relocated to Texas. Plaintiff has also not identified any relevant witnesses, documents, or records that are located in Texas. Nor are there any potential third-party witnesses anywhere in Texas.

Hence, because the Central District of California is clearly a more convenient forum than the Eastern District of Texas, Plaintiff also cannot satisfy the second *International Shoe* requirement. For at least these reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### C. TTE is a Necessary Party to this Action

#### 1. TTE is the Only Participant in the Allegedly Infringing Acts

Unnamed corporate entities that are the "primary participants" in the events giving rise to litigation are considered ***necessary*** parties that are required to be joined in that litigation. *See*, *e.g.*, *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 260-61 (S.D. Tex. 2014) (referencing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985)); *see also Gay v. AVCO Fin. Servs., Inc.*, 769 F. Supp. 51, 56 (D.P.R. 1991) ("Where [a] subsidiary is an ***active*** participant in the activity alleged as the basis for recovery, the subsidiary should be a party to the action.") (emphasis added).

In this case, all of Plaintiff's claims of infringement are based on mobile phones, tablets, and smart televisions that are manufactured in Asia by and then imported into and offered for sale and sold in the United States exclusively by TTE. That is, the only purported acts that could possibly constitute infringement of a United States patent – the importation and sale or offer for sale of the accused products – are performed by TTE, not TCL Tech. Plaintiff cannot, and does not, allege any claim of patent infringement that does not necessarily refer to the acts of TTE rather than those of TCL Tech.

TTE is therefore not just *a* primary participant in the alleged infringement, TTE is the *only* participant in the alleged infringement.

### 2. Without TTE, the Court Cannot Afford Complete Relief

The second part of Rule 19 alternatively states that a party is "required" if the party (a) "claims an interest" in the action; and (b) "disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Both requirements are met here.

First, TTE undeniably has a very significant interest in this action. Most importantly, TTE imports, offers for sale, and sells the products that Plaintiff has accused of infringement. Indeed, Plaintiff's Complaint, when setting forth the basis for its claims, specifically highlights these sales and other activities of TTE. Moreover, Plaintiff is specifically requesting an injunction that would preclude the very activity TTE is currently engaged in, *viz.*, importing, offering to sell, and selling the accused mobile phones, tablets, and smart televisions.

Second, disposing of the action without TTE would impede TTE's ability to defend the products it imports, offers for sale, and sells in the United States. For example, a finding of infringement by TCL Tech in this case – even though there is no evidence whatsoever to support such a finding and TCL Tech expressly denies any wrongdoing – would necessarily prejudice TTE because it is TTE that has solely committed and is committing the acts alleged to constitute infringement, not TCL Tech. *See Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) ("A judgment against Defendant would undoubtedly prejudice the Subsidiaries, whose conduct is largely at issue in this case.").

### 3. TTE Cannot be Properly Joined

Pursuant to statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

12

infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A domestic corporation, such as TTE, "resides" only in its state of incorporation. *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957). And establishing that a defendant "has a regular and established place of business" requires that: (1) there is a fixed physical location (rather than a virtual presence) in the district; (2) the location is a regular and established place of business, not just a temporary or sporadic location; and (3) it is the defendant's location, not just the home of an employee who resides at a location of the employee's choice. *In re Cray Inc.*, 870 F.3d 1355, 1360 (Fed. Cir. 2017).

TTE is incorporated under the laws of the State of Delaware. *See* McPhail Decl. Ex. 4. TTE has offices in Irvine, California, and has no offices or physical presence in Texas. *See* McPhail Decl. Ex. 5. As such, venue in the Eastern District of Texas would be improper for TTE. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 270 (2017). TTE therefore cannot be properly joined in this action in the Eastern District of Texas.

Moreover, Plaintiff has an adequate alternative forum to prosecute an action against TTE. The existence of an adequate alternative forum "weighs heavily in favor of dismissal." *Schweyer Imp.-Schnittholz GmbH v. Genesis Cap. Fund, L.P.*, 220 F.R.D. 582, 592 (S.D. Iowa 2004). TCL Tech notes, without prejudice to TTE's position on the issue, that Plaintiff can prosecute its claims of infringement against the party that is actually responsible for Plaintiff's alleged loss, TTE, in either a Delaware court or a California court. Plaintiff's complaint should be dismissed.

### 4. This Case Cannot Proceed Without TTE

Because TTE is a necessary party that cannot be joined, this case can proceed only if the Court concludes that "in equity and good conscience, the action should proceed among [Plaintiff and TCL Tech]" alone. Fed. R. Civ. P. 19(b). This "'equity and good conscience' test [is] informed by four practical considerations, to determine if a necessary party is indispensable such that the

case cannot proceed without it." *Helia Tec*, 2011 WL 4383085, at *5 (citing Fed. R. Civ. P. 19(b)). Specifically, the test considers:

> 1) the extent to which a judgment rendered in [TTE's] absence might prejudice [TTE] or the parties to this action;
>
> 2) whether prejudice to [TTE] or the present parties could be lessened or avoided by protective provisions in the judgment, shaping the relief, or any other means;
>
> 3) whether such judgment would be adequate; and
>
> 4) whether [Plaintiff] would have an adequate remedy if the action were dismissed for non-joinder.

*Helia Tec*, 2011 WL 4383085, at *5 (citing Fed. R. Civ. P. 19(b)).

Applying this test to the instant circumstance, the only reasonable conclusion is that this case cannot proceed in equity and good conscience in the absence of TTE and so Plaintiff's Complaint should be dismissed.

More specifically, as to parts 1-3 of the above-mentioned test, the Court cannot shape a judgment to avoid the prejudice caused by TTE's absence. As recognized in *Helia Tec*, when there is no judgment that will settle the claims between the named parties without prejudice to the absent party, "the Court cannot fashion an adequate remedy." 2011 WL 4383085, at *7. Here, TTE would suffer significant prejudice from a judgment rendered in its absence—namely the inability to defend itself and the potential for a second lawsuit about the same actions leading to inconsistent obligations. Without TTE, no judgment would be adequate, and any judgment could not lessen or avoid the accompanying prejudice.

This case should therefore be dismissed. *See, e.g.*, *Amarillo Oil Co. v. Mapco, Inc.*, 99 F.R.D. 602, 607 (N.D. Tex. 1983) (dismissing claims to determine ownership interest in property held by subsidiary due to prejudice making determination in absence of subsidiary and noting "no possible protective features in a judgment are apparent which would lessen or avoid the prejudice

14

to [Subsidiary]"). Without TTE as a party to the instant action, there is nothing to prevent Plaintiff from filing suit against TTE in Delaware or California and substantially relitigating this case if it is dissatisfied with the outcome of these proceedings. In fact, this suit could and should have been filed in Delaware or California in the first place.

## V.    CONCLUSION

For at least the reasons above, the Court should dismiss with prejudice Plaintiff's Complaint (Dkt. 1) pursuant to Fed. R. Civ. P. 12(b)(2) and/or (b)(7).

Dated:  September 30, 2024

                Respectfully submitted,

                MERCHANT & GOULD P.C.

                By: /s/ *Donald R. McPhail*

                    Donald R. McPhail
                    1900 Duke Street
                    Alexandria, Virginia 22314
                    Tel: (703) 684-2500
                    Fax: (612) 332-9081
                    Email: dmcphail@merchantgould.com

                    Andy Tindel (Texas State Bar No. 20054500)
                    MT 2LAW GROUP
                    MANN | TINDEL | THOMPSON
                    112 East Line Street, Suite 304
                    Tyler, Texas 75702
                    Tel: (903) 596-0900
                    Fax: (903) 596-0909
                    Email: atindel@andytindel.com

                *Attorneys for Defendant TCL Technology Group Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, per E. DIST. TEX. LOC. CT. R. CV-5(a)(3) on this 30th day of September 2024. Any other counsel of record will be served via electronic transmission.

*/s/ Andy Tindel*
Andy Tindel
