# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> TCL TECHNOLOGY GROUP CORP., § <br> TCL ELECTRONICS HOLDINGS § <br> LIMITED, TCL COMMUNICATION § <br> TECHNOLOGY HOLDINGS LIMITED, § <br> TCL COMMUNICATION LIMITED, § <br> TCT MOBILE INTERNATIONAL § <br> LIMITED, HUIZHOU TCL MOBILE § <br> COMMUNICATION COMPANY § <br> LIMITED, and TCL MOBILE § <br> COMMUNICATION (HK) COMPANY § <br> LIMITED, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:24-CV-00032-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and/or 12(b)(7) (the "Motion") filed by Defendant TCL Technology Group Corporation ("TCL Technology"). (Dkt. No. 22.) Having considered the Motion, the briefing, and for the reasons stated herein, the Court is of the opinion that it should be **DENIED**.

**I.      BACKGROUND**

On January 22, 2024, Plaintiff Truesight Communications LLC ("Plaintiff" or "Truesight") brought this action against TCL Technology, alleging that TCL Technology infringes U.S. Patent Nos. 8,949,879 (the "'879 Patent"), 8,898,803 (the "'803 Patent"), 9,595,300 (the "'300 Patent"), and 8,745,749 (the "'749 Patent") (the "Asserted Patents"). (Dkt. No. 1 at 1-3.)

On September 30, 2024, TCL Technology filed its first Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and/or 12(b)(7). (Dkt. No. 12.) On October 15, 2024, Plaintiff filed its First Amended Complaint ("FAC"), adding TCL Electronics Holdings Limited, TCL Communication

Technology Holdings Limited, TCL Communication Limited, TCT Mobile International Limited, Huizhou TCL Mobile Communication Company Limited, and TCL Mobile Communication (HK) Company Limited (collectively, the "Other TCL Defendants") (together with TCL Technology, the "TCL Defendants") as defendants as well as allegations supporting the Court's exercise of personal jurisdiction over the TCL Defendants. (Dkt. No. 13 at 1-7.)

On November 5, 2024, TCL Technology renewed its Motion to Dismiss, asking the Court to dismiss Plaintiff's FAC against TCL Technology. (Dkt. No. 22 at 1, 15.) Defendants do not move the Court to dismiss Plaintiff's FAC against any of the Other TCL Defendants. (*See generally id*.)

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss Under Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2); *Prep Sols. Ltd. v. Techono Ltd.,* No. 2:23-CV-00211-JRG, 2024 WL 1744065, at *2 (E.D. Tex. Apr. 22, 2024). In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd*., 566 F.3d 1012, 1016 (Fed. Cir. 2009).

If the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* (quoting *Avocent Huntsville Corp. v. Aten Int'l Co*., 552 F.3d 1324, 1328 (Fed. Cir. 2008)). In addition to the requirement that the district court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor," the court also draws all reasonable inferences in the plaintiff's favor. *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*., 890 F.3d 995, 999 (Fed. Cir. 2018); *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

Personal jurisdiction exists over a defendant where "the forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Due to Texas's long-arm statute being "coextensive with the Due Process Clause of the Fourteenth Amendment, the two inquiries merge." *Id.* Due process is satisfied when a court finds that a defendant has "minimum contacts" with the forum state such that exercising personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

Courts may have jurisdiction over a defendant pursuant to either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To exercise specific personal jurisdiction, the Court must determine: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1374 (Fed. Cir. 2024) (quotation marks cleaned up). The first two factors comprise the "minimum contacts" portion of the jurisdictional framework. *Id.* at 1374–75. Where the first two factors are satisfied, specific jurisdiction is "presumptively reasonable." *Id.* at 1375. The burden then shifts to the defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable jurisdiction unreasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

**B.     Motion to Dismiss Pursuant to Rule 12(b)(7)**

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a

3

person should be joined to the lawsuit. *Id.* A party is necessary under Rule 19(a)(1) if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1). "If joinder is warranted, then the person will be brought into the lawsuit." *HS Res.*, 327 F.3d at 439. "But if such joinder would destroy the court's jurisdiction," then the Court turns to Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id.*

### III.   DISCUSSION

#### A.   Personal Jurisdiction

The Court can exercise personal jurisdiction over a foreign defendant that purposefully avails itself of a forum, such as by "deliver[ing] its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed. Cir. 2010) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). The Federal Circuit has found a proper exercise of personal jurisdiction where "defendants, acting in consort, placed the accused [products] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994).

In its Motion, TCL Technology argues that Plaintiff's FAC fails to satisfy "either of the requirements of *International Shoe*." (Dkt. No. 22 at 7.) First, TCL Technology argues that Plaintiff has failed to allege specific facts that would plausibly show the existence of minimum

4

contacts between TCL Technology and the State of Texas. (Dkt. No. 22 at 7.) TCL Technology claims that Plaintiff cannot show such contacts because TCL Technology only "manufacturers products, such as display panels, that can be used as components in goods intended for consumers, such as televisions and monitors," but does not manufacture or sell televisions or monitors itself. (*Id.* at 7-8.) Second, TCL Technology argues that it would unfair and unreasonable to expect TCL Technology to litigate this dispute in this District given that TCL Technology "is a Chinese company with its only place of business in the People's Republic of China." (*Id.* at 10.) TCL Technology further claims it would be unfair because TCL Technology "has no documents or information relevant to any of Plaintiff's claims of infringement" nor does TCL Technology have any "employees or records located anywhere in Texas." (*Id.*)

Plaintiff responds that the Court should find that exercising specific personal jurisdiction over TCL Technology comports with Due Process because TCL Technology has sufficient minimum contacts with the State of Texas and the United States under the stream of commerce theory. (Dkt. No. 34 at 4.) Specifically, Plaintiff alleges in its FAC that TCL Technology, a corporation organized and existing under the laws of China with its principal place of business in China, is a "leading manufacturer and seller of smartphones and tablets in the world and in the United States." (Dkt. No. 13 at ¶ 2.) Plaintiff further alleges that TCL Technology, along with the Other TCL Defendants, are "part of an interrelated group of companies that [sic] work in consort with one another, which together comprise one of the world's largest manufacturers of televisions and smartphones and one of the leading sellers of televisions and smartphones in the United States, including the TCL and Alcatel brands." (*Id.* at ¶ 9.) Moreover, Plaintiff argues that TCL Technology has not met its burden of showing that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. (Dkt. No. 34 at 6.)

Plaintiff further alleges that Defendant TCL Electronics Holdings Limited ("TCL Electronics") is "an indirect wholly-owned subsidiary of TCL Technology." (*Id.* ¶ 2.)[1] Plaintiff alleges that TCL Electronics, which refers to the company and its subsidiaries as the "Group," describes itself as one of the "world's leading consumer electronics company" and states that the Group is "mainly involved in the manufacture and sale of television ("TV") sets, smart mobile, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services." (*Id.* ¶ 9.) Plaintiff notes that TCL Technology has "remained a related party of the Group" given that the "major shareholders" of the Group "are the key management of TCL Technology." (Dkt. No. 34 at 6-7 (citing Annual Report).) Plaintiff further pleads that the TCL Defendants and their affiliates "operate as a unitary business venture and are both jointly and severally liable for the acts of patent infringement alleged herein. (FAC, Dkt. No. 13 at ¶ 10.)

Plaintiff also alleges that the TCL Defendants, including TCL Technology, induce their subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and import infringing products throughout the United States, including within this District. (*Id.* ¶ 13.) Plaintiff further alleges that the TCL Defendants, including TCL Technology, place such infringing products into the stream of commerce via established distribution channels knowing or understanding that such infringing products would be sold and used in the United States and in this District. (*Id.*) Plaintiff further alleges that the TCL Defendants, including TCL Technology, also purposefully direct these infringing products into those established distribution channels. (*Id.*) As factual support, Plaintiff pleads that the TCL Defendants sell and offer to sell the infringing products

---

[1] *See* TCL Electronics Holdings Limited Annual Report 2020, at 139, which is herein referred to as the "Annual Report" and can be found at https://doc.irasia.com/listco/hk/tclelectronics/annual/2020/ar2020.pdf; *see also* 2023 Annual Report, Dkt. No. 22-4 at 150 (same).

through their website, https://www.tcl.com/us/en, which can be accessed throughout the United States, including in this District. (*Id.*) Plaintiff further pleads that the TCL Defendants, including TCL Technology, have authorized representatives to offer for sale and sell the infringing products through this District, including at specific Best Buy, Costco, Office Depo, Target, Wal-Mart, Verizon, and T-Mobile locations in this District. (*Id.*) Moreover, Plaintiff alleges that these infringing products bear the "TCL" trademark, which is owned by the movant, TCL Technology, as shown below. (*Id.* ¶ 2.)[2]



Plaintiff contends that TCL Technology's use of its trademark in commerce confirms that TCL Technology has conducted commerce in the United States and in this District. (Dkt. No. 34 at 8.) Consequently, Plaintiff asserts that TCL Technology does business in Texas and in this District, directly or through intermediaries, sufficient to show that the exercise of personal jurisdiction is proper. (FAC, Dkt. No. 13 at ¶ 2; Dkt. No. 34 at 5-11.)

After consideration of the motions, the arguments, and the supporting affidavits, the Court finds that Plaintiff has made a *prima facie* showing of personal jurisdiction. Plaintiff alleges that its infringement claims arise from the TCL Defendants, including TCL Technology, inducing their subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and import infringing products. (*See e.g.*, Dkt. No. 22 at ¶ 13.) Plaintiff has also shown that TCL Technology, acting in concert with the Other TCL Defendants, place their products in the stream of commerce,

---

[2] Citing https://www.tcl.com/usca/content/dam/tcl/product/mobile/tcl-10-5g-uw/downloads/VZW%20TCL-T790S%20UM_20201020_FINAL.pdf

which begins in Asia and ends in the United States, including in this District. Plaintiff has also shown that TCL Technology intends for its products to be sold in the United States and in this District. Notably, Defendants admit that "TCL Technology manufactures products, such as display panels, that can be used as components in goods *intended for consumers*, such as televisions and monitors." (Dkt. No. 22 at 7-8) (emphasis added). Given that the TCL Defendants describe themselves as the "world's leading consumer electronics company," it is not unreasonable to infer that they knew the likely destination of the products would include the State of Texas and this District. (FAC, Dkt. No. 13 at ¶¶ 9.) Further, it is undisputed that Defendants offer to sell and sell the infringing products through their website, https://www.tcl.com/us/en, which can be accessed throughout the United States, including in this District. It is further undisputed that the accused products are made available for sale and sold from multiple retail stores in Texas and in this District, including Best Buy, Costco, Office Depo, Target, Wal-Mart, Verizon, and T-Mobile locations. Notably, it is undisputed that at least some of these accused products contain the trademark of the movant, TCL Technology. Ultimately, the Court finds that when resolving genuine conflicts in the allegations and evidence in favor of Plaintiff, the evidence suggests that TCL Technology, acting in concert with the Other TCL Defendants, placed the accused products in the stream of commerce, knew the likely destination of the products, and their conduct and connections with Texas and this District were such that they should reasonably have anticipated being brought into Court here. *See Beverly Hills*, 21 F.3d at 1566 (Fed. Cir. 1994).[3]

The Court further finds that TCL Technology has not presented a compelling case that the exercise of personal jurisdiction is unfair and unreasonable. *See Burger King*, 471 U.S. at 477 (holding that Defendant "must present a compelling case that the presence of some other

---

[3] Moreover, it is notable that none of the Other TCL Defendants, each of whom appear to be similarly situated, have moved to dismiss the FAC for lack of personal jurisdiction over them. (*See generally* Dkt. No. 22.)

considerations would render jurisdiction unreasonable"); *see also Beverly Hills*, 21 F.3d at 1568 (noting this factor is limited to "rare" situations). To evaluate whether the exercise of personal jurisdiction is reasonable and fair, the Court weighs five factors: (1) the burden on the defendant; (2) the interests of the forum State; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering substantive social policies. *Patent Rts. Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (citing *Burger King*, 471 U.S. at 476-77). As to the first factor, TCL Tech has not made any compelling demonstration that it would be unreasonable to litigate in this District. While TCL Technology may be slightly burdened by defending in a foreign forum, "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1299 (Fed. Cir. 2009) (citing *World-Wide Volkswagen*, 444 U.S. at 294)). Further, none of the Other TCL Defendants have claimed that it is unfair and unreasonable for the Court to exercise of personal jurisdiction over them despite similarly being based in Asia. (*See generally* Motion, Dkt. No. 22.) The second, third, and fourth factors weigh in favor of exercising jurisdiction in this District because both Texas and the United States have an interest in enforcing federal patent laws and providing Plaintiff (who has a place of business in this District) a forum to efficiently pursue its claims for patent infringement and for the parties to efficiently resolve their disputes. *See Synthes*, 563 F.3d at 1299 ("The United States also has an interest in discouraging injuries that occur within its boundaries, including injuries resulting from patent infringement."). As to the fifth factor, the United States and Texas have an interest in furthering their social policies to discourage patent infringement. Accordingly, the

Court finds no compelling reason why the exercise of personal jurisdiction would contravene traditional notions of fair play and substantial justice.

Having found that its exercise of personal jurisdiction over TCL Technology is appropriate under a stream of commerce theory, and that the Court's exercise of personal jurisdiction over TCL Technology is reasonable and fair, the Court finds that jurisdictional discovery is unnecessary and declines to consider whether jurisdiction would alternatively be appropriate under Rule 4(k)(2).

### B. Failure to Join a Necessary and Indispensable Party

TCL Technology claims that TTE Technologies, Inc., dba TCL North America ("TTE") is a necessary and indispensable party to this action because Plaintiff's infringement allegations all relate to products which are imported into and marketed, distributed, offered for sale, and sold in the United States by TTE. (Dkt. No. 22 at 1-2, 11.) In this way, TCL Technology claims that TTE is the "primary participant." (*Id.* at 11 (citing *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 260–61 (N.D. Tex. 2014) ("[S]ubsidiaries that are the primary participants in the events giving rise to litigation are considered necessary parties that are required to be joined in that litigation.").) TCL Technology further argues that the Court cannot afford complete relief without TTE because Plaintiff is requesting an injunction that would preclude the activity that TTE is engaged in, and disposing of the action without TTE would impede TTE's ability to defend the products it imports. (*Id.* at 12.)

Plaintiff responds that TTE is not a necessary and indispensable party to this action because patent infringement is a tort under the laws of the United States for which a plaintiff is not required to join all infringers in a single action. (Dkt. No. 34 at 12-13 (citing 35 U.S.C. § 271(a) ("[*W*]*hoever* without authority makes, uses, offers to sell, *or* sells any patented invention, within the United States or imports into the United States . . . .") (emphasis added); *Nottingham v. Gen. Am.*

10

*Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors."); *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, No. 4:20-CV-985, 2021 WL 1947343, at *2 (E.D. Tex. May 14, 2021) ("It is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19."); 1 Robert A. Matthews, Jr., Annotated Patent Digest § 9:10 (June 2025 Update) ("A patentee is not required to sue all infringers or forego its remedies against a single infringer."); *id.* § 30.111 ("Indeed, all joint tortfeasors need not be named in the suit as they are generally not indispensable parties."). Plaintiff contends that it identifies the infringing activities of various TCL Defendants, including TCL Technology and TCL Electronics (the undisputed parent company for TTE), but that TTE is attempting to "take the fall" for TCL Electronics and TCL Technology in order to destroy venue. (Dkt. No. 34 at 13-14.)

The Court agrees with Plaintiff. "Patent infringement is a tort" and "[i]t is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Akoloutheo*, 2021 WL 1947343, at *2 (denying 12(b)(7) motion); *see also Nottingham*, 811 F.2d at 880. The patent infringement statute provides a cause of action against "*whoever* without authority makes, uses, offers to sell, *or* sells any patented invention, within the United States *or* imports into the United States any patented invention." 35 U.S.C. § 271(a) (emphases added). Here, the alleged tort is infringement of the asserted patents by various TCL Defendants, including TCL Technology and TCL Electronics. (*See* FAC, Dkt. No. 13 at ¶¶ 2-15, 30, 47, 61-62, 77.) Though TCL Technology argues that TTE is a necessary party because it is the "primary participant," Plaintiff does not allege infringement by TTE, TCL Electronics' wholly-owned subsidiary. Plaintiff's infringement allegations do not hinge on TTE being the primary actor. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *5 (E.D. Tex. Sept. 5, 2023) ("NorthStar has not accused BMW NA of any infringing activities. Accordingly, while BMW NA

11

may wish to 'take the fall' and be considered the primary participant (so it may pave the way for BMW to defeat venue), its wishes do not change the text of the Complaint, which clearly accuses only BMW, and not BMW NA. BMW NA is not the primary participant here such that failure to join them in this action would be improper."). If the named TCL Defendants have not sold or imported the accused products, the Court will hold Plaintiff to the defendants it has selected and find no infringement. *See Slyde Analytics, LLC v. Zepp Health Corp.*, No. 2:23-CV-00172-RWS-RSP, 2024 WL 4501979, at *1 (E.D. Tex. Aug. 28, 2024), *report and recommendation adopted*, No. 2:23-CV-000172-RWS-RSP, 2024 WL 4274878 (E.D. Tex. Sept. 24, 2024). However, the fact that Plaintiff may have selected the incorrect defendant is not grounds to dismiss under Rule 12(b)(7). *See id.* If TCL Technology, along with the Other TCL Defendants, can prove they have taken no action of their own, the appropriate motion would be for summary judgment. *See id.*

Moreover, the Court sees no reason why the TCL Defendants, including TCL Electronics Holdings Limited, are not adequately positioned to protect whatever interests its wholly-owned subsidiary, TTE, may have in this litigation. *See e.g., NorthStar Sys.*, 2023 WL 5723648, at *4 ("The Court is not convinced that disposing of the action in BMW NA's absence would impair or impede BMW NA's ability to protect its interest. This is for the simple reason that BMW NA is a wholly-owned subsidiary of BMW, so the interests of these two entities align. In other words, BMW will adequately protect the interests of BMW NA."); *Sportscastr Inc. v. Sportradar Grp., AG*, No. 2:23-CV-00472-JRG, 2024 WL 4219252, at *5 (E.D. Tex. Sept. 17, 2024) ("[T]he Court is not persuaded by Defendants that their U.S. subsidiaries are indispensable and necessary parties when the parent company, Sportradar Group, is already a named party in the action."). For these reasons, TTE is not a necessary party, and the Court need not weigh the Rule 19(b) factors for determining whether a necessary party is an indispensable party whose absence requires dismissal

12

of the suit. *See United States v. Donovan*, No. 4:19-cv-00761, 2020 WL 1677388, at *3 (E.D. Tex. Apr. 6, 2020) ("If joinder is not necessary under the threshold requirements of Rule 19(a), then no inquiry under Rule 19(b) is necessary.").

In sum, the Court finds that it can afford complete relief among the existing TCL Defendants and can dispose of this action without impeding TTE's ability to protect its interest given that TTE's parent company, TCL Electronics, is a named Defendant in this action in addition to the other TCL Defendants. Accordingly, the Court finds that TCL Technology's Motion to Dismiss pursuant to Rule 12(b)(7) and/or Rule 19 should be denied.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds that TCL Technology's Motion (Dkt. No. 22) should be and hereby is **DENIED** in all respects.

**So ORDERED and SIGNED this 15th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE